# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| NOEL ROMERO DOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-174 |
| | ) | |
| JASON COLVIN, *Sheriff Deputy*; | ) | |
| CAPTAIN DUNCAN, *Assistant* | ) | |
| *Administrator*; NURSE PARKER; | ) | |
| LIEUTENANT BOYD; MR. FRANKS, | ) | |
| *Jail Administrator/Warden*; and | ) | |
| LIBERTY COUNTY SHERIFF | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Civil rights plaintiff Noel Romero Doye has filed objections (doc. 23) to this Court's Report and Recommendation ("R&R") recommending the dismissal of several of his claims and directing service upon the surviving defendants (doc. 6). Within his objections, Doye attempts to amend his complaint to name different defendants and to add claims. (Doc. 23.) Defendants move to strike the objections to the extent that Doye attempts to amend his complaint. (Docs. 29 & 40.)

Defendants have filed their answer (doc. 15), so Doye must seek leave

of the Court to amend his complaint. Fed. R. Civ. P. 15(a)(2). The proper method for seeking such leave is by filing a motion to amend. The Court will not consider the amendments absent such a motion. Accordingly, defendants' motion to strike (doc. 29) is **GRANTED**. Rather than sorting out the offending portions of the objections, Doye is instructed to resubmit his objections without any amendments within fifteen days of the date of this Order.[1] Should he so desire, he may file a separate motion to amend at that time.

In addition, Doye has filed several motions with the Court. First, Doye asks the Court to provide him with a copy of defendants' answer, which he states never reached him. (Doc. 35.) The answer contains a certificate of service showing that it was delivered to Doye's prison, but in the interest of fairness, the Clerk is **DIRECTED** to forward Doye another copy.

Second, Doye asks the Court to assist him in obtaining certain medical records. (Doc. 36.) Doye must use a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure to secure such documents from a non-party

---

[1] Since Doye has already been granted two extensions to submit his objections, no further extensions will be granted. (*See* docs. 9, 13, 14.)

medical provider, and he has failed to allege that he has properly served such a subpoena in this case. A party is generally entitled to the Clerk of the Court's issuance of a subpoena, but he may incur significant expense in employing it. If he uses a subpoena to command a witness's appearance, he will be required to pay the witness's fees and milage as allowed by law. Fed. R. Civ. P. 45(b)(1). Additionally, a subpoena must be served by a non-party, so Doye may incur the costs of a process server. *Id.* Doye is further advised that he is not entitled to public funds for these expenses. Litigants must bear their own litigation expenses. While the *in forma pauperis* statute provides access to the court to an indigent litigant by permitting the waiver of prepayment of fees and costs, *see* 28 U.S.C. § 1915(a), no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993). Accordingly, his motion for "courts assistance to obtain medical records" (doc. 36) is **DENIED**.

Third, Doye moves for leave to depose the defendants on the day that he is deposed at the Coffee Correctional Facility. (Doc. 38.) It is the normal practice for the parties to confer to choose the best time and method of

taking depositions. That is, leave of the Court is not required, unless it is a special case, such as taking the deposition of a person confined in prison. Fed. R. Civ. P. 30(a)(2)(B). As with the subpoenas, Doye is advised that he is not entitled to public funding to defray the costs of the depositions. *Beard v. Stephens*, 372 F.2d 685, 690 (5th Cir. 1967)[2] (federal district courts are not duty bound to appoint an officer to aid IFP litigants in taking discovery depositions), *overruled on other grounds by Wilson v. Garcia*, 471 U.S. 261 (1985); *Wilder v. Salvation Army*, 141 F.3d 1187, at *2 (10th Cir. 1998) (unpublished table decision) (same); *see Koehl v. Greene*, 2007 WL 4299992, at *3 (N.D.N.Y. Dec. 6, 2007) (unpublished) (prisoner litigant proceeding IFP not relieved from having to pay the costs of depositions or other discovery expenses because he is impoverished); *Benitez v. Choinski*, 2006 WL 276975, at *2 (D. Conn. Feb. 2, 2006) (unpublished) (§ 1915 does not authorize payment of discovery expenses by either the court or the defendants); *Belle v. Crawford*, 1993 WL 52921 at *8 (E.D. Pa. Mar. 8, 1993) (unpublished) (indigent plaintiff cannot look to defendant for

---

[2] *Beard* is binding Eleventh Circuit precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

4

payment of costs connected with a deposition); *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (IFP status does not relieve prisoner of obligation to pay witness and mileage fees in connection with deposition subpoenas); *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986) (28 U.S.C. § 1915 does not require the government to advance funds for plaintiff's deposition expenses). Accordingly, Doye's motion for leave to depose defendants (doc. 38) is **DENIED**.

Finally, Doye moves for appointment of counsel. (Doc. 39.) As the Court noted in its January 27, 2009 order denying Doye's first request for counsel, the Court is inclined to appoint counsel only when the plaintiff needs help in presenting the "essential merits" of his claim. (Doc. 12.) Here, the facts and issues are relatively straightforward, and Doye has demonstrated to the Court that he can intelligibly explain the merits of his claims. Consequently, his motion for appointment of counsel (doc. 39) is **DENIED**.

**SO ORDERED** this  23rd  day of March, 2009.

/s/ *[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA