# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| NOEL ROMERO DOYE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV408-174 ) |
| JASON COLVIN, *Sheriff Deputy*; CAPTAIN DUNCAN, *Assistant Administrator*; NURSE PARKER; LIEUTENANT BOYD; MR. FRANKS, *Jail Administrator/Warden*; and LIBERTY COUNTY SHERIFF DEPARTMENT, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Civil rights plaintiff Noel Romero Doye moves the Court to issue him two subpoenas under Rule 45 of the Federal Rules of Civil Procedure so that he may obtain documents of "vital importance" to his case from Liberty Regional Medical Center and Common Cents Business Solutions. (Doc. 44.) Plaintiff's prior filings reveal that he seeks to obtain certain medical records from the Liberty Regional Medical Center (*see* doc. 36), but it is not clear

what "vital" evidence he requires from Common Cents Business Solutions.[1]

The issuance of subpoenas to incarcerated litigants is prohibited in this district. *In re Subpoenas*, MC496-6, doc. 1 (S.D. Ga. Jan. 16, 1996) (standing order); *see Sterling v. Gaines*, No. CV603-008, doc. 21 (S.D. Ga. Sep. 8, 2003). Instead, "arrangements will be made for the . . . production of necessary documents through other means." *In re Subpoenas*, MC496-06, doc. 1. Plaintiff's motion for issuance of subpoenas (doc. 44) is therefore **DENIED**.[2] Nevertheless, the Court will arrange to procure the requested

---

[1] Generally, court intervention should not be required to obtain medical records. Under O.C.G.A. § 31-33-2, "[u]pon written request from the patient . . . the provider having custody and control of the patient's record shall furnish a complete and current copy of that record". Of course, the person requesting the records may be required to pay a fee for their production. O.C.G.A. § 31-33-3. Plaintiff is advised that the use of a subpoena to obtain the records will not eliminate any reasonable fee charged for the production of the documents--indeed, subpoenaed non-parties commonly charge a fee for the production of records. And as the Court noted in a prior order, plaintiff is not entitled to public funds for such expenses. Litigants must bear their own litigation expenses. While the *in forma pauperis* statute provides access to the court to an indigent litigant by permitting the waiver of prepayment of fees and costs, see 28 U.S.C. § 1915(a), no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993).

[2] Courts have regularly limited litigants' access to subpoenas in attempts to curb abuse. *Whitehouse v. U.S. Dist. Court for Dist. of R.I.*, 53 F.3d 1349, 1357-59, 62-66 (1st Cir. 1995) (upholding local rule requiring that certain subpoenas be approved by court before issuing, even though federal rules impose no such requirement). Such limitations are especially applicable to *pro se* litigants, as they are unfamiliar with legal procedure and tend to employ such discovery devices in an abusive or harassing manner. *Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985) (holding that district courts have inherent power to deny subpoena requests to indigent litigants); *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958) (same); *see Brinson v. Holmes*, No. CV405-51, doc. 44

discovery if plaintiff makes a specific showing that sets forth the nature of the information he seeks, how that information is relevant and necessary to the prosecution of his § 1983 claim, and the full and correct name and service address of the non-parties that possess the information. *Hunter v. Tompkins*, No. CV402-153, doc. 35 (S.D. Ga. Feb. 21, 2003); *see Schildkraut v. Bally's Casino NewOrleans, L.L.C.*, 2004 WL 1558796 at *1 (E.D. La. July 9, 2004) (unpublished) (noting that the court has discretionary authority to deny the issuance of subpoenas to prevent abuse of process or production of discovery that would be irrelevant, cumulative, or unnecessary).

    **SO ORDERED** this __2nd__ day of April, 2009.

s/ G. R. SMITH<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**

---

at 3 n.3 (S.D. Ga. Mar. 13, 2006) (noting that the denial of subpoenas to indigent litigants has relieved state prison officials from the burden of responding to countless objectionable Rule 45 subpoenas).