UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| NOEL ROMERO DOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV408-174 |
| | ) | |
| JASON COLVIN, *Sheriff Deputy*; | ) | |
| CAPTAIN BRUCE DUNCAN, | ) | |
| *Assistant Administrator*; | ) | |
| LIEUTENANT LISA BOYD; and | ) | |
| DOUG FRANKS, *Jail Administrator*; | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Defendants move, over plaintiff's opposition, to dismiss this 42 U.S.C. § 1983 prisoner conditions suit based on plaintiff's failure to submit to a noticed deposition in violation of this Court's order. (Doc. 68 (motion); doc. 72 (response).) Alternatively, defendants move to compel plaintiff to participate in a deposition. (Doc. 68.) For the reasons that follow, defendants' motion should be **GRANTED** and the case should be **DISMISSED**.

This Court ordered plaintiff to submit to a deposition at any time noticed by defendants prior to June 22, 2009. (Doc. 30.) Initially, the

deposition was noticed for May 29, 2009. (Doc. 68-2 at 3; doc. 72 at 2.) Defendants filed an amended notice of deposition on May 29, 2009 that changed the deposition date to June 3, 2009. (Doc. 60.) An electronic receipt shows that the notice was mailed to Noel Romero Doye, 1257501, Coffee Correctional Facility, T4-16B, P.O. Box 650, Nicholls, GA 31554. (Doc. 60, CM-ECF receipt.) On June 3, 2009, defendants' counsel made a four-hour trip from Atlanta to Nicholls but was rebuffed upon his arrival. (Doc. 68-2 at 3.) A court reporter was present, who recorded and transcribed plaintiff's refusal to submit to the deposition.[1] (Doc. 68-3 at 2-3.)

"[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 37(d)

---

[1] Afterwards, Doye was handcuffed and taken to administrative segregation. (Doc. 66 at 2.) He insists that the segregation was imposed based upon defense counsel's conversation with the correctional center's associate warden, but he admits that he has no idea what defendant said to the warden. (*Id.*) Defense counsel denies the allegation, stating that Doye was apparently taken to administrative segregation for disobeying this Court's order. (Doc. 69 at 2.) The allegations are unsubstantiated and involve the actions of a third person, who is not a party to this suit. The Court declines Doye's invitation to further explore the matter.

permits a Court to sanction a party for failing to appear for a deposition,[2] and permissible sanctions include dismissal. Fed. R. Civ. P. 37(b)(2). Similarly, Rule 41(b) permits the Court to involuntarily dismiss a case when a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b).

Defendants argue that dismissal is the appropriate sanction under the circumstances, since plaintiff willfully disobeyed this Court's order permitting his deposition at any time. (Doc. 68 at 1.) Involuntary dismissal, however, is not a step which a court should take absent compelling circumstances. As the Eleventh Circuit has held, dismissal "is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988). In determining whether lesser sanctions will suffice, the presence or

---

[2] Defendants rely upon Fed. R. Civ. P. 37(d), which permits sanctions for a party's failure to appear for a deposition. Doye appeared but refused to submit to the deposition. The general rule is that a deponent who appears physically at the place set for a deposition but refuses to be sworn or submit to questioning has failed to appear under the Rule. 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2291 at 716 (2d ed. 1995). A growing minority of courts, however, have strictly construed Rule 37(d), holding that such conduct is not technically a failure to appear, so Rule 37(d) cannot be invoked. *See Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2nd Cir. 1975). In any event, sanctions may be imposed under Rule 37(b) or Rule 41(b) for plaintiff's failure to comply with a Court order.

absence of willfulness is a relevant consideration. 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2291 (2d ed. 1995).

Plaintiff insists that his actions were not willful. Specifically, he alleges that he never received notice for the June 3, 2009 deposition and thus had no obligation to submit to it. (Doc. 72 at 2-3.) The record, however, does not support his contention. As noted above, the amended notice of deposition was mailed to him at the correctional facility. Moreover, even if he did not receive the properly-filed notice, the rationale for the notice requirement has little bearing on this case. Doye was admittedly prepared for the deposition on May 29, and as a prisoner, he had no scheduling conflicts that prevented his appearance.[3] (*Id.*)

The plaintiff, not the defendants, elected to file this lawsuit, and he thus subjected himself to the discovery process. His willful failure to

---

[3] Looking to the record, it appears that Doye was intentionally stalling in hopes that he would receive appointed counsel. Just a few days before the deposition, Doye had appealed this Court's third order denying him appointment of counsel. (Doc. 61 (notice of appeal, entered June 1, 2009).) At the aborted deposition, Doye repeatedly insisted that he was not properly noticed. (Doc. 68-3 at 2-3.) His insistence suggests some familiarity with the rules of civil procedure and demonstrates a certain level of preparation. He then stated "I'm indigent. I'm asking for a lawyer. I don't know what's going on, and I have got to get somebody to help me out." (*Id.* at 2.) The Court of Appeals has since dismissed Doye's appeal

4

provide discovery in the face of a court order warrants dismissal of this case pursuant to Fed. R. Civ. P. 37(d) and 41(b). *See Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir. 1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non- appearance); *Marshall v. Kelly*, 2007 WL 2375827 at *2 (M.D. Ga. Aug. 14, 2007) (unpublished) (dismissing case under Rule 37(d) and 41(b) for plaintiff's refusal to submit to a deposition); *Foss v. Gerstein*, 58 F.R.D. 627 (S.D. Fla. 1973) (plaintiff's failure to appear for deposition or to justify his conduct warranted dismissal of his action). Accordingly, defendants' motion should be **GRANTED** and plaintiff's case should be **DISMISSED**. All outstanding motions (docs. 54 & 66) should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this <u>30th</u> day of July, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

for lack of jurisdiction. (Doc. 73.)