# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NOEL ROMERO DOYE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CV408-174<br>) |
| J. DON MARTIN, *Sheriff*; JASON COLVIN, *Sheriff Deputy*; CAPTAIN BRUCE DUNCAN, *Assistant Administrator*; LIEUTENANT LISA BOYD; and DOUG FRANKS, *Jail Administrator*; | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

In light of the Eleventh Circuit's reversal of this Court's dismissal of Noel Romero Doye's 42 U.S.C. § 1983 prisoner conditions suit as a sanction for his refusal to submit to a deposition (doc. 96 (available at 2010 WL 1837742)), the undersigned directed the parties to rebrief their positions on the matter. (Doc. 97.) Defendants again move to dismiss plaintiff's complaint "as a sanction for his willful and groundless failure to submit to his deposition." (Doc. 100 at 1.) Alternatively, they move to compel him to submit to it. (*Id.*)

Defendants initially noticed plaintiff's deposition for May 29, 2009. (Doc. 60.) On that date, counsel for defendants rescheduled and submitted a new notice setting the deposition for June 3, 2009. (Doc. 100-1 at 4.) Plaintiff met with defendants' counsel on June 3, 2009, but he refused to be deposed, stating that he had not received a notice of new deposition date. (*Id.*; doc. 68-2 at 2-3.) Based upon his refusal to submit to the deposition, the Court dismissed the case. It reasoned that "the amended notice of deposition was mailed to [Doye] at the correctional facility", and "even if he did not receive the properly-filed notice, the rationale for the notice requirement has little bearing in this case" since Doye, a prisoner, had already prepared for the earlier deposition and had no scheduling conflicts preventing his appearance. (Doc. 74 at 4.) After determining that Doye's refusal to cooperate amounted to willful disobedience of a court order requiring him to submit to a deposition at any time, the Court dismissed the case as a sanction. (*Id.* at 3-5.)

Doye promptly appealed. (Doc. 80.) In a motion requesting in forma pauperis status on appeal, he argued that his case had been

dismissed merely for his insistence upon compliance with the Fed. R. Civ. P. 30(b)(1) deposition noticing rule. (Doc. 82 at 2.) On considering the motion, this Court acknowledged that there was no proof that Doye had received actual notice of the June 3, 2009 deposition. (Doc. 86 at 1.) While it maintained "its position that the rationale for the notice requirement has little bearing in the prisoner context," it found that his appeal was not frivolous. (*Id.*) The Eleventh Circuit agreed with Doye, finding that Fed. R. Civ. P. 30 "does not contain an exception to the notice requirement merely because the intended deponent is a prisoner." *Doye*, 2010 WL 1837742 at *3 (11th Cir. May 7, 2010). There was no evidence that Doye's refusal to submit to the deposition was a willful or bad faith violation of a discovery order, so the dismissal was an abuse of discretion. (*Id.*)

The undersigned then instructed the parties to rebrief their positions as to the discovery dispute underlying the dismissal. (Doc. 97.) Defendants submitted a brief essentially rehashing their earlier arguments. (Doc. 100-1.) They acknowledge that plaintiff stated that he had not received written notice of the deposition rescheduling, but

3

they argue that the failure in notice was not the *real* reason that Doye refused to be deposed. (*Id.* at 5.) The Court rejects this line of attack. Defendants admit that, "[a]s a practical matter, given the short time, defendants could not have ensured that plaintiff received actual notice of the amended notice given the logistical issues presented by plaintiff's *pro se* and incarcerated status." (*Id.* at 10 n. 3.) They have not submitted any proof showing that Doye actually received notice. Absent such proof, the Court is satisfied that Doye did nothing wrong by declining to be deposed, even if he invoked the rule based upon other concerns. Accordingly, defendants' motion to dismiss Doye's complaint is **DENIED**, as is its alternative motion to compel plaintiff to submit to a deposition.[1]

Defendants raise one other discovery matter. They state that plaintiff has refused to comply with written discovery. (Doc. 100-1 at 6.) They requested that plaintiff return an executed "authorization and release of medical records" form, but he has not done so, despite their

---

[1] Doye states in his response that he is ready and willing to be deposed, "as long as it be conducted in compliance to Rule 30 of the Federal Rules of Civil Procedure". (Doc. 101 at 2.)

issuance of a "good-faith" letter attempting to resolve the matter. (*Id.*) Doye has not responded to the allegation or disputed the materials' relevance to his excessive force and denial of necessary medical care claims. (Doc. 101 at 1-2; *see* doc. 1 (complaint).) Accordingly, defendants' alternative motion to compel, to the extent they request Doye to release his prison medical records, is **GRANTED**. [2] Additionally, defendants' request to extend discovery for the limited purpose of taking plaintiff's deposition is **GRANTED**. They shall have until October 1, 2010 to do so. The last day to file civil motions, excluding motions in limine, shall be November 1, 2010.

Finally, the Court is satisfied that the circumstances of this case do not warrant payment of expenses or imposition of any sanctions for plaintiff's failure to respond to defendants' request. *See* Fed. R. Civ. P. 37(a)(5). Indeed, defendants' good faith letter requesting production of the medical records waiver was not sent until *after* the botched deposition -- just a few days after defendants had warned plaintiff that they would seek to dismiss the action for his failure to submit to the

---

[2] Doye is directed to execute a medical release upon defendants' request.

5

deposition. (Doc. 68-3 at 1; doc. 68-2 at 3 ("Well, I am telling you right now, sir. . . . I'm telling you right now, if you do not submit to a deposition today . . . I'm filing a motion to dismiss your case.").) Faced with such intimidation and procedural confusion, the Court is satisfied that any award of fees or sanctions would be unjust here. Doye, however, must provide the release within 10 days of the date of this Order.

**SO ORDERED** this  31st  day of August, 2010.

/s/ signature
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA