# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NOEL ROMERO DOYE,           )
                            )
    Plaintiff,         )
                            )
v.                          )   Case No. CV408-174
                            )
JASON COLVIN, *Sheriff Deputy*; )
CAPTAIN BRUCE DUNCAN,       )
*Assistant Administrator*;  )
LIEUTENANT LISA BOYD; and   )
DOUG FRANKS, *Jail Administrator*; )
                            )
    Defendants.        )

## ORDER

Civil rights plaintiff Noel Romero Doye has filed a "motion to compel discovery." (Doc. 102.) He does not complain that defendants have refused to provide discovery but instead argues that they have unfairly attempted to charge him $200 for access to some of the information he requested. (*Id.* at 1.) Defendants concede that they have attempted to charge him for copies, but "in the interest of moving this case forward," they now agree to provide him his documents at no

cost.[1] (Doc. 105.at 2.) Given this concession, the motion to compel is **DENIED** as moot.

**SO ORDERED** this  22nd  day of September, 2010.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] Defendants correctly contend that despite plaintiff's indigence, he should have to bear such discovery-related expenses. (Doc. 105.) *See Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993), *quoted in* doc. 41 at 3, available at 2009 WL 764980 at *1. As one court has explained, "although a party must produce documents for inspection at a time and a place specified by the party seeking production, Rule 34 does not require the producing party to pay the costs of giving the opposing party copies of those documents. If the inspecting party wishes copies of documents, he must pay the cost of reproduction himself." *Norwood v. Radtke*, 2008 WL 260189 at *1-2 (W.D. Wis. Jan. 8, 2008). Nevertheless, it is not uncommon for courts to afford some latitude to an indigent litigant and require the opposing party to furnish certain discovery material free of charge, particularly jailers who maintain the requested files at the institution where a plaintiff is confined.

2