UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NOEL ROMERO DOYE,

Plaintiff,

v.  4:08-cv-174

JASON COLVIN, et al.,

Defendants.

## ORDER

On March 22, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") in this case, recommending that this Court grant the defendants' motion for summary judgment as to Warden Franks, but deny the motion as to every other defendant. *See* Doc. 125. The Magistrate Judge also directed Doye to show cause by April 5, 2011, why the Court should not dismiss Doye's claims against Sheriff Martin for improper service. *See id.*

On April 12, the Court concurred with the Magistrate Judge's analysis and adopted the R&R as its own opinion, with the exception that the Court disagreed with the Magistrate Judge's factual findings regarding Doye's *in forma pauperis* ("IFP") and *pro se* statuses. *See* Doc. 131 n.1. The Court also dismissed Doye's claims against Sheriff Martin for his failure to respond to a Court order in that he never responded to the Magistrate Judge's show cause order. *See id.*

On April 14, the clerk's office docketed Doye's response to the Magistrate Judge's order. *See* Doc. 132. While the prisoner mailbox rule counts his pleading as filed when Doye signed it, on April 9, 2011, it was still late. Thus the Court was within its power to dismiss Doye's complaint against Sheriff Martin. *See* FED. R. CIV. P. 41(b); L.R. 41.1(b); *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ("A district court need not tolerate defiance of reasonable orders.").

Doye's response argues that because the Court found that he was acting IFP, he was entitled to rely on the Marshall Service to properly serve Sheriff Martin. *See* Doc. 132 at 2 (citing *Williams v. Publix Warehouse*, 151 F.R.D. 428, 432 (M.D. Fla. 1993)). Even if Doye timely delivered the forms necessary for the Marshall Service to effect service, *see id.*, and he had complied with the Magistrate Judge's show cause order, Doye's complaint against Sheriff Martin should still have been dismissed.

Federal Rule of Civil Procedure 25 gives parties ninety (90) days following a statement noting the death of a party to substitute a proper party before the Court must dismiss the claim. Sheriff Martin died May 27, 2010. *See* Staff Report, COASTAL COURIER, *available at* http://beta.coastalcourier.com/archives/22002/. Doye has never moved to substitute another party.

The Court's dismissal of Doye's complaint against Sheriff Martin was proper.

This 11th day of May 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA