# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NOEL ROMERO DOYE, )
)
    Plaintiff, )
v. ) Case No. CV408-174
)
JASON COLVIN, *Sheriff's Deputy*; )
CAPTAIN BRUCE DUNCAN, )
*Assistant Administrator*; and )
LIEUTENANT LISA BOYD, )
)
    Defendants. )

## **ORDER**

This case has been referred to the undersigned for trial upon the parties' written consent. (Docs. 162 & 163.) There are a number of pending motions that require the Court's attention prior to trial.

### 1. Motion in limine

Plaintiff's motion in limine seeks to exclude any reference at trial to nine separate matters. (Doc. 155.) Defendants have responded, contesting certain aspects of plaintiff's motion but not opposing others. (Doc. 160.) The Court will address these matters in the order raised in plaintiff's motion.

First, plaintiff seeks to exclude any "speculation or argument about the substance of the testimony of any witness who is absent or

unavailable, of whom plaintiff did not call to testify." (Doc. 155 at 1.) It is not clear what plaintiff has in mind when he refers to the "testimony" of an "absent" witness. The Federal Rules of Evidence generally prohibit hearsay testimony -- statements made by someone other than a witness at trial -- although there are numerous hearsay exceptions. *See* Fed. R. Evid. 801-804. Further, as defendants concede, "speculation" is not competent evidence. But since the Court is unsure of plaintiff's meaning, it will defer ruling on this objection until trial.

Plaintiff next seeks to exclude "[a]ny reference to the fact that [he] has prior convictions besides the current prison episode." Defendants ask the Court to reserve ruling, as the rules permit proof of prior convictions in some circumstances.

Defendants are correct that evidence of prior felony convictions is generally admissible to attack the credibility of a witness at trial. Fed. R. Evid. 609. "The implicit assumption of Rule 609 is that prior felony convictions have probative value" in assessing a witness' credibility. *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998); *Cummings*

*v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993) (Rule 609 "is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."). Thus, a trial court is required to admit such evidence unless, pursuant to Fed. R. Evid. 403, its probative value is *substantially* outweighed by its prejudicial effect.[1] The burden is on the plaintiff to show that relevant, probative evidence should be excluded under Rule 403. *See Campbell v. Greer*, 831 F.2d 700, 705 (7th Cir. 1987); 28 CHARLES A. WRIGHT & VICTOR J. GOLD, FEDERAL PRACTICE & PROCEDURE § 6134 (1993). Contrary to plaintiff's assumption, nothing in Rule 609 limits prior-conviction evidence to the crime for which the witness is currently serving a prison sentence. *Burston*, 159 F.3d at 1335 ("Rule 609(a)(1) requires the trial court to admit evidence of the nature and date of *each* conviction.") (emphasis added); *Cummings*, 995 F.2d at 825-26 (in prisoner suit alleging excessive force, district court abused its discretion in

---

[1] More onerous standards apply when the evidence is offered against "an accused" in a criminal trial, Fed. R. Evid. 609(a)(1), or the prior conviction is more than ten years old. *Id.* at (b).

denying prison officials the right to prove the exact number of prisoner's prior felony convictions).[2]

If plaintiff testifies at trial (as he is expected to do), the Court will, upon proper objection, apply Rules 609 and 403 in assessing the admissibility of any prior convictions offered by the defendants to attack his credibility. Plaintiff's pretrial motion to exclude any reference to his prior convictions is **DENIED** at this time.

Plaintiff next seeks to preclude any reference "to disciplinary reports or prison records besides medical." (Doc. 155 at 1.) Defendants ask that the Court reserve ruling until trial, as they require greater specificity from plaintiff in order to frame a response. (Doc. 160 at 3.) This is a fair criticism of plaintiff's motion, which does not elaborate or offer any legal basis for excluding such records. Conceivably some disciplinary reports or other non-medical records are relevant and admissible (such as disciplinary reports related to the incidents in

---

[2] The impeaching party may not "flaunt" the details of a prior conviction, *Cummings*, 995 F.2d at 826, but may elicit only its essential facts: the nature of the offense, the date and place of the conviction, and the sentence imposed. *Burston*, 159 F.3d at 1335-36; *United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002).

question in the suit), while others may be inadmissible under Fed. R. Evid. 608 as an improper attempt to attack plaintiff's character for truthfulness by reference to specific instances of bad conduct on unrelated occasions. The Court requires greater clarity as to this matter and will defer ruling until trial.

Plaintiff further seeks to preclude mention of "the fact that any individual will have to personally pay any judgment entered in this case." (Doc. 155 at 1.) Defendants object, pointing out that plaintiff has sued them in their individual capacities and seeks money damages. (Doc. 160 at 2.) This objection is well-founded. Plaintiff's motion is **DENIED** as to this point.

Plaintiff seeks to preclude any reference to the lawsuit's effect upon insurance rates. (Doc. 155 at 2.) Defendants respond that they do not intend to inject insurance into the trial. (Doc. 160 at 3.) Plaintiff's motion as to this matter is granted as unopposed. Plaintiff also seeks to preclude evidence or argument suggesting that he "contributed to his pre-existing injury being exacerbated because defendants did not plead defenses or

affirmative defenses raising the issue of plaintiff's alleged negligence." (Doc. 155 at 2.) This is a non sequitur, as plaintiff is not asserting any state law negligence claims.

Next, plaintiff seeks to preclude any reference to his pre-existing back and neck problems, because such evidence would be "irrelevant" and otherwise inadmissible because no experts have been identified. (*Id.* at 2.) Plaintiff has again failed to offer any legal authorities supporting his position. The Court notes that pre-existing injuries are often relevant to a plaintiff's damages claim. Further, as defendants point out, even if no expert testimony is presented, they should not be foreclosed from cross-examining plaintiff about his prior medical problems "depending on what he claims at trial." (Doc. 160 at 4.) The Court agrees that plaintiff has not shown grounds for a blanket prohibition on any reference to his pre-existing medical problems. Should it become necessary to address this issue, the Court will do so at trial.

Plaintiff seeks to prevent defendants from asserting in their closing statement to the jury that he "has asked for a greater amount of money

than he actually expects to be awarded." (Doc. 155 at 2.) This is an argument that the Court does not expect defendants to make. But as defendants correctly note, they have a right to contest any award plaintiff requests from the jury.

Finally, plaintiff seeks to block the defendants from referring to the filing of his motion in limine or his effort to exclude certain evidence. This aspect of plaintiff's motion is granted as unopposed.

## 2. Physical and mental examination

Invoking Federal Rule of Civil Procedure 35, plaintiff next asks that he be afforded a "court ordered" physical and mental examination before trial. (Doc. 156.) Plaintiff claims that such an examination is warranted since he claims damages for the intentional infliction of emotion distress.[3] (*Id.*) Discovery closed in this case in October 2010, (doc. 103), and all motions (other than motions in limine) were to be filed by November 1, 2010. Plaintiff's motion, therefore is exceedingly untimely. "A motion

---

[3] Nowhere has plaintiff listed intentional infliction of emotional distress as an independent claim for relief. (Doc. 1 at 13-18; *see* doc. 125 at 11-12.) To the extent that plaintiff seeks leave to amend his complaint to raise this claim, his request is denied. His only surviving claims are for use of excessive force and deliberate indifference to his serious medical needs.

7

that is untimely pursuant to a duly entered . . . scheduling order may be denied on that ground alone." *Gallien v. Binkley*, 2008 WL 4916394 at *2 (S.D. Ga. Nov. 14, 2008) (quoting *Oakes v. Trs. of Columbia Univ.*, 1988 WL 132890 at * 3 (S.D.N.Y. Dec. 6, 1988)); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (affirming district court's denial of leave to amend where motion filed after scheduling order cut off); *see also Dredge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988) (a summary judgment motion filed outside of the motions deadline need not be considered). If plaintiff required a mental expert, he should have secured one before discovery closed. But even if the Court were to overlook untimeliness and allow him access to a mental health expert at this late stage, plaintiff would have to bear the cost of securing such an expert out of his own pocket, for the statute granting him leave to proceed in forma pauperis spares him only the obligation of paying the filing fee, not the obligation of paying for experts, witness fees, and other similar expenses related to the civil litigation. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *Tedder v. Odel*, 890 F.2d 210, 212 (9th Cir. 1989); *Boring*

8

*v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *Badman v. Stark*, 139 F.R.D. 601, 604-06 (M.D. Pa. 1991). Finally, juries are particularly adept at gauging, and assigning value to, psychic pain arising from emotional distress that accompanies a physical injury, and they are often called upon to do so without the aid of expert testimony. Plaintiff's motion for a court ordered mental examination is **DENIED**.

### 3. Writ of habeas corpus

Plaintiff also moves for writ of habeas corpus ad testificandum requiring the warden of the correctional facility where he is now confined to bring him to court for trial. (Doc. 157.) Although plaintiff's motion was unnecessary (as the Court would have secured his appearance at trial whether or not he had filed such a motion), the motion is **GRANTED**. The Court has issued a writ commanding that the appropriate prison officials transport plaintiff to the courthouse for the scheduled trial. (Doc. 166.)

### 4. TRO

Plaintiff seeks a temporary restraining order requiring certain

unnamed "corrections officers" at Coffee Correctional Facility to allow plaintiff to "do his legal work" during the hours from 11:30 p.m. until 4:45 a.m. in his housing unit, contending that that is the only time of day when he can concentrate with no distractions or disruptions. (Doc. 158.) First, the defendants named in this case, all of whom are employees at the Liberty County Jail, have no power to control or influence the housing or lights-out decisions made by his present custodians in a distant county. Second, a request for injunctive relief of this nature should be brought as a lawsuit separate from the present action, which alleges a past violation of plaintiff's Eighth Amendment rights at an entirely different facility. But even if plaintiff had properly brought this action against the correct defendants, he has not shown the type of irreparable harm required to obtain relief under Fed. R. Civ. P. 65(b)(2). Plaintiff has had, and will continue to have, ample time to prepare his case prior to trial. The motion is **DENIED**.

### 5. Letters

Plaintiff has submitted a letter to the Court requesting background

information about the jury pool that he contends would be useful to drafting his proposed voir dire questions. (Doc. 152.) Plaintiff's request for an advance copy of the jury pool information is **DENIED**. Like all litigants, plaintiff will be furnished the appropriate information on the day of trial. Plaintiff does not need this information to prepare a proposed voir dire questions for three reasons: (1) the skeletal information regarding potential jurors is of little use in framing proposed voir dire questions, (2) the Court will conduct the voir dire in this case, as it does in all civil and criminal cases in this district, and (3) premature disclosure of such information poses inherent risks of improper contact with and contamination of the jury pool. If plaintiff has any voir dire questions he wishes the Court to consider incorporating, he should submit those questions no later than 10 days from the entry of this Order. His request, which the Court construes as a motion, is **DENIED**.

**SO ORDERED** this 13" day of April, 2012.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA